**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

James Stephen Nivens and Carolyn Nivens, Appellants,

v.

JB & E Heating & Cooling, Inc., a South Carolina corporation, Respondent.

Appellate Case No. 2019-001061

———————————

Appeal From York County
William A. McKinnon, Circuit Court Judge

———————————

Unpublished Opinion No. 2022-UP-192
Submitted March 1, 2022 – Filed May 11, 2022

———————————

**AFFIRMED**

———————————

John Martin Foster, of Rock Hill, for Appellants.

James W. Boyd, of James W. Boyd Law Firm LLC, of Rock Hill, for Respondent.

———————————

**PER CURIAM:**  James and Carolyn Nivens appeal the circuit court's grant of summary judgment in favor of JB & E Heating & Cooling Inc. (JB & E).  On appeal, they argue the circuit court erred in granting summary judgment because (1) it applied the incorrect statute of limitations and (2) res judicata and collateral estoppel did not apply.  We affirm.

1.  We hold the predominant purpose of the contract between the Nivenses and JB & E was for services with goods incidentally involved.  Because the contract was predominantly for services, the Nivenses had three years after the breach of the contract was discoverable to file their action against JB & E.  The Nivenses filed their complaint more than three years after the breach was discoverable.  Therefore, the circuit court did not err in granting summary judgment.  *See Lanham v. Blue Cross & Blue Shield of S.C., Inc.*, 349 S.C. 356, 361, 563 S.E.2d 331, 333 (2002) ("An appellate court reviews a grant of summary judgment under the same standard applied by the trial court pursuant to Rule 56, SCRCP."); *Companion Prop. & Cas. Ins. Co. v. Airborne Express, Inc.*, 369 S.C. 388, 390, 631 S.E.2d 915, 916 (Ct. App. 2006) ("Summary judgment should be affirmed if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."); S.C. Code Ann. § 15-3-530(1) (2005) (stating an action for breach of contract outside the purview of the Uniform Commercial Code (UCC) must be brought within three years from the date it accrues); *Maher v. Tietex Corp.*, 331 S.C. 371, 377, 500 S.E.2d 204, 207 (Ct. App. 1998) ("A cause of action should have been discovered through exercise of reasonable diligence when the facts and circumstances would have put a person of common knowledge and experience on notice that some right had been invaded or a claim against another party might exist."); *Plantation Shutter Co. v. Ezell*, 328 S.C. 475, 478, 492 S.E.2d 404, 406 (Ct. App. 1997) ("In considering whether a transaction that provides for both goods and services is a contract for the sale of goods governed by the UCC, courts generally employ the predominant factor test."); *id.* ("Under this test, if the predominant factor of the transaction is the rendition of a service with goods incidentally involved, the UCC is not applicable."); *Fournier Furniture, Inc. v. Waltz-Holst Blow Pipe Co.*, 980 F. Supp. 187, 189 (W.D. Va. 1997) ("The court should consider such factors as the language of the contract, the structure of the compensation, and the ratio of material supplied to labor expended.").

2.  We decline to address the Nivenses' argument that their claim is not barred by res judicata and collateral estoppel because the circuit court properly granted summary judgment based on the statute of limitations.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999)) ("In light of our disposition of the case, it is not necessary to address [the appellant's] remaining issues.").

**AFFIRMED.**[1]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**GEATHERS and HILL, JJ., and LOCKEMY, A.J., concur.**